IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Rosemarie C. Wiseman and | ) | |
| Cary W. Wiseman | ) | |
| Plaintiffs | ) | |
| v. | ) | Case No.  19 CV 1441 |
| | ) | The Honorable: |
| Santiva, Inc., d/b/a "Better Taste" and/or | ) | |
| TASTEFULLY BETTER | ) | |
| And/or | ) | |
| POP BOX US | ) | |
| and/or  - SANTIVA INTERNATIONAL | ) | Magistrate Judge: |
| Raymond Scott Henning as an Individual and | ) | |
| An Employer | ) | |
| Pursuant to the FLSA, IWPCA and IMWL | ) | |
| | ) | **Jury Trial Demanded** |
| Defendants | ) | |

## COMPLAINT

NOW COME the Plaintiffs, Rosemarie C. Wiseman and Cary W. Wiseman,

("Plaintiffs"), by and through their undersigned counsel of record, John C. Ireland, of  the

Law Office of John C. Ireland, and complains against the Corporate Defendant, Santiva, Inc.,

d/b/a "Better Taste" TASTEFULLY BETTER and/or POP BOX US and/or SANTIVA

INTERNATIONAL, and Raymond Scott Henning as an Individual and as an Employer,

pursuant to the Fair Labor Standards Act, (Hereinafter "FLSA"), and the Illinois Wage

Payment and Collection Act, (Hereinafter "IWPCA"), and the Illinois Minimum Wage Law

(Hereinafter "IMWL"), and Section 7434, and as follows:

## INTRODUCTION

1.      This case is filed based on Defendants' violations of the Fair Labor Standards Act

and the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act.

2.      This case is filed under the Fair Labor Standards Act, ("FLSA"), to recover unpaid

wages for unpaid overtime work performed for which Plaintiff was not paid, liquidated damages, interest, attorney fees, costs and all other relief due and just.

3.      Plaintiffs also assert claims pursuant to 26 U.S.C.A. § 7434, (Fraudulent filing of a false information return), for the filing of false tax documents that under reported their wages, (Hereinafter referred to as "False Filing" claims).

4.      This claim is founded on several actions by Defendants:

    a.   Firstly, Defendants paid Plaintiffs "jointly" specifically seeking to avoid paying the proper taxes.

    b.   Second, Defendants falsified forms for tax purposes, presenting to the Plaintiffs and the IRS tax forms that were not consistent with the actual income and tax withholding information.

5.      This provided the Defendants with competitive advantage by artificially lowering their costs, *i.e.*, by not paying the employer portion of social security contributions, unemployment insurance contributions, and other employee benefits that the government and insurance companies determine based upon the total amount of wages earned.

6.      Defendants were fully aware that they were not reporting all income, thus Defendants willfully violated 7434. Defendants also were fully aware that they underpaid for employer payments, and received those benefits of underpayment, thus further demonstrating the willful nature of the underreporting.

7.      Plaintiff Rosemarie C. Wiseman performed as an employee of Defendants until January 12, 2018.

8.      Plaintiff Cary W. Wiseman worked less frequently for Defendants, but performed work for Defendants during the last three years and as recently as January of 2018.

9.      Throughout the Plaintiffs' employment, the Plaintiffs' performed numerous work tasks for the benefit of the employer and the employer failed to compensate the Plaintiffs for their labors and benefits provided to the Defendants.

10.      Plaintiffs' request includes payment of compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendants obtained from their unlawful business practices, and attorneys' fees and costs.

## PARTIES

### a.      Plaintiffs and Facts related to Plaintiffs work for Defendants

11.      Plaintiff, Rosemarie C. Wiseman, is an individual resident of Illinois and is a former employee of the Defendants who, within the applicable period of limitations prior to the commencement of this action, unlawfully deprived Plaintiff of benefits and/or wages due and owing to her by Defendants.

12.      Plaintiff, Cary W. Wiseman, is an individual resident of Illinois and is a former employee of the Defendants who, within the applicable period of limitations prior to the commencement of this action, unlawfully deprived Plaintiff of benefits and/or wages due and owing to him by Defendants.

13.      Plaintiff Rosemarie C. Wiseman's job duties included the following:

• Accounting : Enter Bills - Receive Payments - Bank Reconciliations – Invoicing - Follow-up on Past Due Invoices - Reconcile past-due Non-Foods and Yankee Candle Accounts

   • Respond to all emails for Santiva and BetterTaste
   • Graphic Artwork for sell sheets and websites
   • Website maintenance
   • Maintenance for Amazon, Better Taste and Santiva websites

- Trademarks / Patents research and preparation
- Filing
- Organizing & Maintaining Cleanliness of all offices
- Shipping Orders for Wholesale, Amazon and Better Taste customers
- All Receiving
- Purchasing
- Customer Service for Wholesale, Amazon and Better Taste customers
- Sales - Taking calls, calculating pricing, preparing & shipping orders
- Marketing - Create Sell Sheets for tradeshows, Create Amazon & BetterTaste flyers
- Inventory, to include monitoring of all expiration dates and stock rotation
- Warehousing - Keeping it clean, organized, and stocked
- Answer Phones / Retrieve messages / Respond to all Inquiries and messages
- Janitorial duties of all offices, bathrooms and warehouse areas
- Pick-up Supplies after hours

14.     Cary W. Wiseman was asked by R. Scott Henning, (Defendant and owner), during the Christmas season of 2016, (approximately known to be mid-December thru Mid-January), to "help out" in the Defendants' warehouse, (located at 5005 Chase Ave., Downers Grove, IL).

15.     Cary W, Wiseman had job duties consisting of pulling stock from the shelves to fulfill customer orders, replenishing shipping supplies, cleaning and organizing the warehouse and shipping areas, receiving incoming stock and adding this to inventory locations and organizing the entire area while also assisting in the shipping process of goods to the ultimate consumer.

16.     For the period of mid-December 2016 thru mid-January of 2017, Cary W. Wiseman worked for Santiva/Better Taste for approximately 16 days. The only form of

4

compensation Plaintiff received was a watch. Mr. Wiseman was paid no wages whatsoever. For this sixteen days of work Plaintiff is owed minimum wages as he was paid zero wages.

17.     Beginning in March of 2017, Cary W. Wiseman was asked by Scott Henning to continue helping out, performing the same duties as the first work period in 2016.

18.     Cary W. Wiseman asked for compensation at a rate of $20.00 per hour, Defendant Owner Scott Henning counter-offered to pay $15.00 per hour, cash. Cary Wiseman agreed to work for a pay rate of $15.00 per hour. His re-hire first day was February 13, 2017.

### b.     Defendants

19.     Defendant, Santiva, Inc., is a corporation doing business in the State of Illinois.

20.     Defendant, Santiva, Inc., hereinafter will be referred to as "Defendant" and/or "Santiva" and will include but not be limited to Defendant, all subsidiaries, agents, successors and parent corporations.

21.     At all times relevant hereto, Corporate Defendant was an employer engaged in an industry affecting commerce.

22.     R. Scott Henning, is an Individual and is an Employer, pursuant to the Fair Labor Standards Act (FLSA) and the Illinois Minimum Wage Law (IMWL).

23.     R. Scott Henning, during material times relevant to this matter, was the owner of the Defendant Corporation and he made the decision to hire Plaintiffs, he made the decision to fire the Plaintiffs, he determined the Plaintiffs wage rates and he caused the failures to pay Plaintiffs all their owed wages.  Defendant Henning is named as a Defendant on the basis of these facts, pursuant to FLSA, the IWML and the IWPCA.

## JURISDICTION AND VENUE

24.     Jurisdiction over the causes of action contained in this Complaint is conferred by 28 U.S.C. § 1331, as same arises under the laws of the United States. This action is brought pursuant to the Fair Labor Standards Act (FLSA).

25.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that Defendants employed Plaintiffs in this judicial district, Defendants do business in this judicial district, and all or a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

26.     Defendants are subject to the FLSA Jurisdiction as they engaged in Commerce, purchasing food items, including spices and cooking ingredients (including exclusive seller of "Allulose"), and reselling those retail items to the ultimate consumer.

27.     Defendants operate a warehouse that receives spices and cooking ingredients from outside of the state of Illinois, thus Defendants thereby are engaging in Commerce.

28.     Defendants' business ships items, (including spices and cooking ingredients), in the Stream of Commerce from Illinois to other states and countries, thereby engaging in Commerce.

29.     Defendants operate a number of websites to effectuate their sales of spices and cooking ingredients to the ultimate consumers, these websites reach out beyond the borders of the state of Illinois and thus Defendants engage in Commerce.

30.     Defendants' websites, (including the world-wide website of Amazon and Better Taste), received tens of thousands of orders from outside the state of Illinois and the United States in the last three years.

31.     Defendants' orders, those received out of state of Illinois, are paid for via

payment processes also found outside the state of Illinois.

32.     Defendants communicate, via email and websites, with these out of state customers, thereby engaging in Commerce.

33.     Defendants also engaged in Commerce via participation and marketing at trade shows, in Illinois and outside of Illinois.

34.     At the tradeshows Defendants engaged in commerce via actual sales to out of state customers.

35.      IMWL jurisdiction and coverage is found by Defendants employment of four or more employees, these employees include the two Plaintiffs, the Defendant owner, Kathy Limp, Thomas Mathis, Kathy King and Colin Sickig.

## STATEMENT OF FACTS REGARDING OWED WAGES BASED ON FLSA/IMWL VIOLATIONS FOR ROSEMARIE C. WISEMAN

36.     Plaintiff Rosemarie C. Wisemen was employed by Defendants from January 16, 2016 until January 12, 2018.

37.     Defendants failed to pay Plaintiff Rosemarie C. Wisemen for her owed wages for overtime work performed.

38.     Plaintiff Rosemarie C. Wiseman worked "off-the-clock", from home, hundreds of hours, of which most of this "Home-Work" time which was not paid.

39.     Plaintiff Rosemarie C. Wiseman's "home-work" was done with the complete and full knowledge and consent of the owner and Defendant R. Scott Henning.

40.     The "home-work" done by Plaintiff included a number of tasks: working on Defendants' website, working on the Defendants' Amazon listings/stores, receiving, reviewing, responding to emails from customers and Amazon, taking Defendants' business related phone calls and making calls to customers and Amazon for the Defendants.

41.     The "home-work" included working on Defendants' Better Taste website. Plaintiff added all of the data to listings already present, updated images and added near the same number of listings that were added to Amazon.

42.     Much of this work was completed at home using Plaintiff's personal computer.

43.     For these hours Plaintiff was not compensated. Defendant Henning claimed he could not afford to pay for these hours at this time, despite knowing Plaintiff worked, and that wages were due and owed to Plaintiff for these work hours.

44.     Defendant Henning specifically requested Plaintiff to record and document these hours and when the money became available to Defendant Henning he would remit the payment for the work to Plaintiff.

45.     In the first year, Plaintiff was compensated only once for work done at home because it was performed on a day that she did not drive into the office.

46.     After that day, it would be more than a year before she was paid for any work done at home.

47.     By February 2017 Plaintiff's diligent efforts to increase revenue through Amazon and website sales were paying off. This was due largely to the hours Plaintiff worked at home for the benefit of the Defendants.

48.     In February of 2017 Plaintiff again asked Defendant Henning for payment for these hours. Mr. Henning stated he was aware of the increased revenue being attributable to Plaintiff's efforts at home. He agreed and promised to begin paying for the hours she had already performed at home and to begin current compensation for the hours she worked at home.

49.     In another example of the work required and assigned by Defendant Henning, he ordered Plaintiff to reapply for a legal protection for a product that was said to expire in mid-

September.

50.     Defendant Henning insisted that Plaintiff complete this task by end of business on

September 15th even though she had no training and very little knowledge to complete this task.

51.     Plaintiff studied at home that night well into the early morning hours.

52.     Additional hours worked at home were based on art files completed during these

at home hours.

53.     The Defendants failed to pay the owed wages despite the benefits provided to the

Defendants by Plaintiff.

54.     Plaintiff was not an apprentice, trainee or independent contractor.

55.     Nor is Plaintiff's employment covered under any of the other FLSA exemptions

or exceptions, such as volunteer or agriculture work.

56.     Plaintiff Rosemarie C. Wiseman was paid and had an IWPCA Agreement with

Defendants for payment at a rate of pay of $22.00 per hour, and of $33.00 per hour of overtime

work hours.

**SPECIFIC WEEK BY WEEK OVERTIME OWED**

57.     Because some courts have found that an overtime claim must include highly

factually specific facts, such as the week by week declaration of overtime owed and amounts of

overtime owed, Plaintiff pleads these facts.

58.     For Plaintiff Cary Wiseman:

Unpaid Days and hours in 2017:

13-Mar 6.50 29-Mar 7.50 31-May 9.00 05-Jun 7.00 14-Jun 7.00 26-Jun 11.00

1. 91.25 Hours Unpaid x $15.00 $1368.75

2. Pay Date – 12/22/2017 42.50 Hours Underpaid x $2.00 $ 85.00
3. Pay Date – 01/05/2018 60.25 Hours Unpaid Reg. x $15.00 $ 903.75
4. Pay Date – 01/05/2018 19.25 Hours Unpaid OT x $22.50 $ 433.15
5. Pay Date – 01/05/2018 79.50 Hours Underpaid x $2.00 $ 178.25
6. Pay Date – 01/19/2018 19.00 Hours Unpaid Reg. x $15.00 $ 285.00
7. Pay Date – 02/02/2018 19.00 Hours Unpaid Reg. x $15.00 $ 285.00

59.     For Plaintiff Rosemarie C. Wiseman

a) 09/04/16 – 09/17/16 = 08.00 hours REG = $160.00 -- Lines 295 to 309
b) 01/08/17 – 01/21/17 = 03.00 hours REG = $60.00   -- Lines 449 to 463
c) 02/19/17 – 03/04/17 = 08.75 hours OT   = $262.50 -- Lines 503 to 517
d) 03/05/17 – 03/18/17 = 12.00 hours OT   = $396.00 -- Lines 522 to 536
e) 03/19/17 – 04/01/17 = 12.00 hours OT   = $396.00 -- Lines 540 to 554
f) 04/16/17 – 04/29/17 = 08.00 hours OT   = $264.00 -- Lines 574 to 588
g) 04/30/17 – 05/13/17 = 13.00 hours OT   = $429.00 -- Lines 592 to 606
h) 05/14/17 – 05/27/17 = 03.00 hours OT   = $ 99.00 -- Lines 611 to 625
j) 05/28//17 – 06/10/17 = 02.00 hours OT   = $ 66.00 -- Lines 630 to 644
k) 07/09/17 – 07/22/17 = 09.00 hours OT   = $297.00 -- Lines 685 to 699
l) 587 Hours Artwork done at Home
m) Artwork done at home  $ 19,354.50
n) One week of accrued Vacation, (unpaid with Final Pay) $ 880.00

**FACTS REGARDING/SUPPORTING THE BREACH OF**

**THE IWPCA AGREEMENT CLAIM AND FALSE FILINGS CLAIM**

60.     The Defendants and Plaintiff Rosemarie C. Wisemen had an IWPCA Agreement that promised additional wages for work performed at home, (under IWPCA), but Defendant failed to pay the earned wages.

61.     The Defendants offered and Plaintiff accepted the terms of the IWPCA Agreements, including agreement for Defendants to pay for work performed at home, to pay $22.00 per hour for all "straight time" work hours and $33.00 per hour for all overtime work hours.

62.     The Plaintiff provided consideration in the form of her work, labors and efforts.

10

63.     Defendants breached this Agreement by failing to provide promised compensation and/or payment of compensation at a lower rate of pay then Defendants had agreed to pay.

64.     Plaintiff was damaged by this breach in the amount to be determined by a jury.

65.     Plaintiff also alleges that Defendants delayed payments to Plaintiffs.

66.     Plaintiff's IWPCA claims also include that Plaintiffs were not paid at the agreed rate of pay, for example Cary W. Wisemen's Agreed Rate of Pay was $15.00 per hour, yet some wages were not paid at this rate.

67.     Examples of the failures to pay in accord with the IWCPA include:

    a.  For the first 10 weeks of Plaintiff Cary's work, he was told there were insufficient funds to pay. Plaintiff was to be paid for the hours already worked no later than the end of May, in violation of the IWCPA requirement to pay wages in a timely manner.

    b.  When the end of May arrived, Plaintiff was told he "needed to be put on the payroll if you are going to continue working here."

    c.  Plaintiff agreed and was promised a "paycheck" on the next pay date, 04/14/2017, for the hours accrued to date, thus the wages paid in May were weeks and months late, for which Defendants owe Plaintiff penalties.

    d.  After these initial delays, Plaintiffs frequently were required to delay the deposit of certain paychecks until such time as the Amazon payment was received by Defendants, again in violation of the IWPCA prompt payment requirements.

    e.  Through 2016 and most of 2017, Plaintiff Cary W. Wiseman would frequently

receive his paycheck on pay day, but he was asked not to deposit until the following week, in violation of the IWPCA prompt payment requirements.

f.  Plaintiff Cary continued working periodically for Scott Henning until the end of July of 2017.

g.  At the end of July of 2017, Plaintiff Cary refused to do any further work until he was paid for the time he had already worked. Plaintiff was told he would be paid for the hours he already worked if he could "just be patient for a few more weeks. I am going to get a mortgage against my house and apply the money to the company. When this money comes in I will pay you." stated Defendant R. Scott Henning.

h.  Next, R. Scott Henning forced an "arrangement" upon Rosemarie C. Wiseman, whereby, Cary W. Wiseman's work hours, "from here on out", would be added to Rosemarie C. Wiseman's paycheck.

i.  Defendant Henning stated to Rosemarie C. Wiseman that this will reduce the taxes he would have to pay.

j.  This "joint payment" of wages is also a portion of the facts supporting the false filings claim, as Defendants paid and/or reported the incorrect tax information based on the joint payment.

k.  Defendants were attempting to avoid reporting the wages and income of Cary W. Wiseman on the Defendants' payroll: thus avoiding the taxes and Unemployment payments required.

l.  At this time, Cary W. Wiseman was still owed monies for his previous hours of work.

m.  R. Scott Henning at this time informed Cary W. Wiseman that if he didn't agree to him adding his hours to Rosemarie's paycheck, "Rosemarie might not continue getting a check. You know she needs this job."

n.  From September 5, 2017, thru November 20, 2017, all hours worked by Cary W. Wiseman, were paid thru hours added to Rosemarie C. Wiseman's pay checks.

68.  Plaintiff Rosemarie claims include unpaid vacation hours.

## DEFENDANTS' Actions were Willful, Knowledgeable And/or Had Reckless Disregard for FSLA Regulations

69.  Defendants required and/or permitted Plaintiff to work and Defendants did not pay Plaintiff for those work hours.

70.  Defendants were aware that Plaintiff worked and was not paid any owed wages including her wages and/or, minimum wage or her overtime wages.

71.   Defendants' conduct, as set forth above, has been willful and in bad faith, and has caused damages to the Plaintiff.

72.  All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

73.  All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiff has such knowledge and based upon "information and belief" as to all other allegations.

## FIRST CLAIM FOR RELIEF

## Claims for Wages
## Under Fair Labor Standards Act

74.      Plaintiff realleges and incorporates by reference all paragraphs contained within this complaint, as if fully set forth herein.

75.      At all relevant times, Defendants have been, and continue to be an "employer" , engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

76.      At all relevant times, Defendants have employed, and continue to employ, "employee[s]," including the Plaintiff, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

77.      At all relevant times, Defendants have engaged, and continue to engage, in a willful policy, pattern, or practice of failing to pay owed compensation to Plaintiff.

78.      Plaintiffs make a claim for all "Compensable Time" including all work suffered or permitted by employer, including all work allowed to occur or Defendant failed to prevent.

79.      At all relevant times, the work performed by Plaintiffs as for service to Defendants were, and continue to be, required or permitted by Defendants, for the benefit of Defendants, directly related to such employee's principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

80.      As a result of the Defendants' willful failure to record or compensate its employees, including Plaintiff(s), employed by Defendants for all hours worked, Defendants have violated, and continue to violate, the records of hours provision of the FLSA.

81.      As a result of the Defendants' willful failure to record, report, credit, and/or compensate its' employees employed at Defendants, including the Plaintiffs, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to

determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

82.     The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq. Plaintiff seeks damages in the amount of her respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper

83.     Plaintiff seeks recovery of attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

84.     Plaintiff has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b).

85.     At all times relevant to this action Plaintiffs were employed by Defendants within the meaning of the FLSA.

86.     At all times relevant to this action, Defendants were engaged in commerce and/or the production of goods for commerce and/or Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

87.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants their respective unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A     Payment of unpaid wages and liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

B.      Unpaid salary, and/or regular wages, and overtime wages pursuant to the IMWL and other state wage laws;

C.      Compensation originating from Defendant company policies, contractual obligations requirements owed as a result of unpaid wages;

D.      An injunction requiring Defendant to pay all statutorily-required wages pursuant to Illinois Law;

E.      Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

F.      Attorneys' fees and costs of this action;

G.      Such other relief as this Court shall deem just and proper.


### SECOND CLAIM FOR RELIEF
**Claims for wages and benefits due under the
Illinois Wage Payment and Collection Act (IWPCA)**

88.     Plaintiff realleges and incorporates by reference all the paragraphs in this complaint, as if fully set forth herein.

89.     This cause of action arises out of IWPCA Agreements, written and oral.

90.     Plaintiff worked for and was/were employed by Defendants.

91.     Plaintiff worked for Defendants for several years.

92.     Defendants failed to pay any owed pay and benefits as alleged in this complaint.

93.     For public policy reasons, 'an employee shall receive all benefits upon leaving his/her employer'.

94.     The Illinois Wage Act 820 ILCS 115/1 et seq., (West 2002), section 5, states: "Every Employer shall pay the final compensation of separated employees in full, at the time of

separation, if possible, but in no case later than the next regularly scheduled payday for such

employee."

95.     Plaintiff was not an independent contractor, rather was an employee of the

Defendants by oral IWPCA Agreement and/or written contract.

96.     Plaintiff's employment was in the usual course of business for which such service

is performed.

97.     Plaintiff did not have a proprietary interest in the Defendant.

98.     The Defendants are "employers" under the terms of the IWPCA section 2.


**WHEREFORE**, Plaintiff respectfully request that this Honorable Court enter judgment in their

favor as follows:

A.      Unpaid wages and liquidated damages pursuant to IWPCA and IMWL and the
supporting Illinois Department of Labor regulations;

B.      Liquidated damages in accordance with the IWPCA and IMWL.

C.      Unpaid salary, and/or regular wages, and overtime wages pursuant to the IWPCA;

D.      Consequential damages;

E.      An injunction requiring Defendants to pay all statutorily-required wages pursuant
to Illinois Law;

F.      Additional compensation/penalty due to the Plaintiff in accordance with Section
14(b) of the IWPCA in the amount of 2% per month;

G.      Issuance of a Declaratory Judgment that the practices complained of in this
Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois
Department of Labor regulations;

H.      Attorneys' fees in accordance with the IWPCA;

I.      and costs of this action;

J.      Such other relief as this Court shall deem just and proper

## THIRD CLAIM FOR RELIEF

**Under the Illinois Minimum Wage Law (IMWL)**

99. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

100. Plaintiff was an employee of the Defendant pursuant to the IMWL.

101. Plaintiff was employed by Defendants as an employee.

102. Defendants derived benefits by Plaintiff's work.

103. As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

104. Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

## C O U N T   F I V E
### Civil Damages for Fraudulent Filing of Information Return

**Pursuant to** 26 U.S.C.A. § 7434

105. Plaintiff re-alleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

106. This count arises from the Defendants' violation of 26 U.S.C.A. § 7434.

107. Plaintiffs also assert claims pursuant to 26 U.S.C.A. § 7434, (fraudulent filing of a false information return), for the filing of false tax documents that under reported their wages, (hereinafter referred to as "False Filing" claims).

108. This claim is founded on several actions by Defendants:

   a. Firstly, Defendants paid Plaintiffs "jointly" specifically seeking to avoid paying the proper taxes.

   b. Second, Defendants falsified forms for tax purposes, presenting to the Plaintiffs and the IRS, tax forms that were not consistent with the actual income and tax withholding information.

18

109.  This provided the Defendants with competitive advantage by artificially lowering their costs, *i.e.*, by not paying the employer portion of social security contributions, unemployment insurance contributions, and other employee benefits that the government and insurance companies determine based upon the total amount of wages earned.

110.  Defendants were fully aware that they were not reporting all income, thus Defendants willfully violated 7434 and Defendants also were fully aware that they under paid for employer payments, and received those benefits of underpayment, thus further demonstrating the willful nature of the underreporting

111.  Defendants' willfully lied to the government in filing the false documents identified herein.

112.  Defendants' benefited by doing so.  For example, Defendants paid less in Social Security contributions, paid less for workers compensation insurance, paid less in Department of Employment Security payments, and saved money elsewhere due to the Non-Payroll Payments.

113.  This also resulted in a loss to Plaintiff as he has been deprived of these benefits, including but not limited to the benefit of the social security contribution that should have been made on their behalf.

114.  26 U.S.C.A. § 7434 provides that**: "**If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

115.  26 U.S.C.A. § 7434(b) allows for damages of $5,000 per violation along with reasonable attorney fees.

116.  Additional facts supporting this claim include:

   a.  Defendants issued a W-2 for 2017 reporting wages in the amount of $1,771.25, yet Plaintiff paychecks reflect payments totaling $552.50

   b.  After contacting the IRS, the local tax department, to date, no taxes were paid into their coffers, ever, by Santiva or Paychex, with regard to Cary W.

Wiseman's income for 2017.

WHEREFORE, Plaintiff prays for a judgment against Defendants seeking a judgment for all amounts available pursuant to 26 U.S.C.A. § 7434, including statutory damages, prejudgment interest, attorney fees and such other relief that is available under the law. Plaintiff also Prays that, at the earliest possible time, the Plaintiff be allowed to give notice of this class actions, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, as alleged herein this complaint.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to "opt out" of this lawsuit.

**JURY DEMAND**

**TRIAL DEMANDED ON ALL CLAIMS SO TRIABLE**

Dated 2/20/19          Respectfully Submitted,

By: _____/S/ John C. Ireland __

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL 60177
630-464-9675
FACSIMILE 630-206-0889
Attorneyireland@gmail.com
Attorney Number 6283137